David Shestack, Appellant *v.* General Braddock Area School District, Appellee.

Argued October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Michael A. Della Vecchia, Evashavik, Capone, Evans & Della Vecchia,* for appellant.

*Anton W. Bigman,* for appellee.

OPINION BY JUDGE ROGERS, December 15, 1981:

David Shestack, a professional employee of the General Braddock Area School District, was demoted from his position as the principal of an elementary school to that of a fifth grade classroom teacher, when, in June 1980, a decline in pupil enrollment caused the Board of School Directors to close an elementary school in the district and to transfer the principal of that school to the position previously held by Shestack. Twenty-two other professional and non-professional employees were suspended from their positions as a result of the school closure.

Following notification of the change in his employment status, Shestack requested and was granted a hearing conducted by the school directors. At the hearing Shestack adduced evidence to the effect, and the school directors found, that although no elementary principals were less senior than he, one elementary principal was also certified as an administrator at the junior high school level where there was employed a a principal and an assistant principal less senior than both Shestack and the dually certified elementary principal. Shestack then argued, by his counsel, that the action with respect to his position of employment constituted a "realignment" within the meaning of

Section 1125.1(c) of the Public School Code of 1949,[1] which provides

A school entity shall realign its professional staff as to insure [sic] that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees;

that this statutory provision required the school directors to realign its professional staff in strict conformity with the relative seniority of the staff members realigned; and that this statutory requirement had not been met in Shestack's case because the school directors did not transfer the dually certified elementary principal to the position of the less senior junior high school principal so that Shestack might be retained in his position as the principal of an elementary school. The school directors, in a written decision encompassing findings of fact and conclusions of law, rejected the fundamental premise of Shestack's argument determining that Section 1125.1(c) was inapplicable to his conceded demotion; that the only issue before the Board was the propriety of the demotion under Section 1151 of the School Code; and that the demotion was proper because Shestack had failed to establish that the action of the Board was arbitrary, discriminatory, or based on improper motives. *Nagy v. Belle Vernon Area School District*, 49 Pa. Commonwealth Ct. 452, 412 A.2d 172 (1980).

Shestack appealed from this adjudication to the Court of Common Pleas of Allegheny County which granted the school directors' motion to quash the appeal, citing *Norwin School District v. Chlodney*, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978), on the ground that the action of the school directors with

---

[1] Act of March 10, 1949, P.L. 30 *as amended*, 24 P.S. §11-1125.1 (c) added by Section 3 of the Act of November 20, 1979, P.L. 465.

respect to Shestack's position of employment was a demotion concerning which the Secretary of Education has exclusive appellate jurisdiction under Section 1131 of the School Code. Shestack then pursued his appeal to this Court.

The single issue for our review is whether the Court of Common Pleas was correct in its determination that the only statutory support for Shestack's challenge was contained in Sections 1131 and 1151 of the School Code, which concern demotions and that Section 1131 places initial appellate jurisdiction in the Department of Education.

Shestack here renews arguments presented to the court below and to the school directors that he is challenging his transfer to a classroom teaching position not as an improper demotion under Section 1151 but as an improper realignment of professional staff under Section 1125.1(c).

It is undisputed that neither the factual nor the legal issues raised by Shestack's challenge, having to do with the possibility of an alternative plan of realignment involving the retention of Shestack in his position as an elementary school principal, were decided by the school directors. It is also undisputed that if Shestack's challenge was properly grounded in Section 1125.1(c) then his remedy on appeal from the school directors' adjudication was to the Court of Common Pleas pursuant to the Local Agency Law.[2] However, as we have indicated, both the school directors and the court below concluded that Shestack's exclusive path to relief is contained in Sections 1131 and

---

[2] 2 Pa. C. S. §101 et seq. which codified the procedures that must be followed by local agencies, including school districts, in the pursuance of their adjudicatory functions and, where no other procedures are specified, by persons challenging those adjudications. See Fatscher v. Springfield School District, 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977).

1151 concerning demotions. The school directors, noting that the heading of Section 1125.1 is "Persons to be suspended" and that other subdivisions of Section 1125.1 are expressly limited in application to suspended employees contend that, despite the absence of such limitation in the particular provision here invoked, Section 1125.1(c), an employee affected by a realignment other than by suspension, has no right to complain that, as to him, the realignment is in violation of the statutory mandate.[3]

We must reject this contention because the language of Section 1125.1(c) is clear and unambiguous and is not, by its terms, limited in application to suspended employees. We may not when the words of a statute are clear and free from ambiguity, disregard the letter of the statute under the pretext of pursuing its spirit. 1 Pa. C. S. §1921(b). The fact that other subdivisions within the same section are expressly limited in a way the subdivision here construed is not limited is no indication that the legislature intended to here apply a similar limitation and, indeed, more probably indicates the contrary.

Therefore, we hold that David Shestack, as a professional school employee who complains that his employer realigned its professional staff otherwise than "so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certified and which are being filled by less senior employes" and that he was injured thereby, has the right to a hearing on this issue to be conducted by

---

[3] The school district further argues in its brief that it would not be required to accept Shestack's proposed alternative plan of realignment because to do so would require the transfer of another principal in the district from the elementary level to the junior high school level. Since there is no finding on this issue in the decision of the school directors and since the merits of any plan of realignment are not presently before us, we do not now address this issue.

the school directors and thence by appeal pursuant to the provisions of the Local Agency Law to the Court of Common Pleas.

Accordingly we enter the following,

ORDER

AND NOW, this 15th day of December, 1981, the order of the Court of Common Pleas of Allegheny County is reversed and the record is remanded for further proceedings by the Board of School Directors of the General Braddock Area School District consistent with this opinion.