Fox Chapel Area School District, Petitioner *v.*
Robert J. Condron, Respondent.

Argued October 6, 1983, before Judges WILLIAMS,
JR., BARRY and BLATT, sitting as a panel of three.

*Edward J. Van Allen, Kirkpatrick, Lockhart, John-
son & Hutchison,* for petitioner.

*Dennis S. Shilobod,* with him *E. J. Strassburger,
Strassburger, McKenna, Messer, Shilobod & Gutnick,*
for respondent.

Opinion by Judge Blatt, December 22, 1983:

This case comes here on appeal following an order by the Secretary of Education (Secretary) to remand[1] to the Fox Chapel Area School District (District) for proceedings in accordance with Section 1125.1 of the Public School Code.[2]

For the past ten years, the District experienced a substantial decrease in enrollment. This decline led to a reduction from seven to six in the number of necessary elementary schools which the School District operated and to a corresponding reduction in the number of school principals. The District Superintendent consequently recommended that Robert J. Condron be demoted from principal to elementary school teacher because an evaluation performed among

---

[1] Pa. R.A.P. 341(a) provides, in pertinent part, that an appeal may be taken as of right from any final order of an administrative agency or lower court. In *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 235, 348 A.2d 734 (1975), our Supreme Court offered the following guidelines in defining what is a "final order":

> Whether an order is final and appealable cannot necessarily be ascertained from the face of the decree alone. nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. We follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than technical construction.

465 Pa. at 228, 348 A.2d at 735. We think that the Secretary's order was a final order inasmuch as there are significantly different legal ramifications in the types of hearings at issue here. *See, Department of Environmental Resources v. Wheeling-Pittsburgh Steel Corporation*, 473 Pa. 432, 375 A.2d 320 (1977); *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966).

[2] Section 1125.1 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1125.1.

the seven principals indicated that Condron was the least competent. Condron, however, did have seniority over some of the others.

After serving a "Statement of Grounds for Demotion" and an "Amended Statement of Grounds for Demotion", the School District's Board of Directors (Board) conducted hearings pursuant to Section 1151 of the Code.[3] Although Condron, by his attorney, objected to the hearings under this Section of the Code as opposed to Section 1125.1,[4] the Board continued the hearings and, finally adopted a resolution demoting Condron, who then appealed to the Secretary claiming that the Board had violated Section 1125.1 of the Code. The Secretary then ordered, *inter alia,* that the Board make findings consistent with Section 1125.1, and District filed the instant appeal.

The District contends here that the Secretary lacked jurisdiction to hear Condron's appeal.

Section 1125.1 of the Code provides, in pertinent part, as follows:

> (a) Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment.
>
> . . . .
>
> (c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.
>
> . . . .

---

[3] Section 1151 of the Code, 24 P.S. §11-1125.1.

[4] Section 1125.1 of the Code, 24 P.S §11-1125.1.

(f) A decision to suspend in accordance with this section shall be considered an adjudication within the meaning of the act known as the "Local Agency Law." (Footnotes omitted.)

Section 752 of the Local Agency Law, 2 Pa. C. S. §752, furthermore, provides, in pertinent part, as follows: "Any person aggrieved by an adjudication of a local agency . . . shall have the right to appeal therefrom *to a court vested with jurisdiction* of such appeals by or pursuant to Title 42." (Emphasis added.)

The District argues that, inasmuch as Condron was arguing a Section 1125.1 issue, he should have appealed to the court of common pleas.

Before we address this claim, we must note that Section 1151 of the Code provides in pertinent part, as follows:

[T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

We must also note that appeals from dismissal of professional employees are provided for in Section 1131 of the Code,[5] which states, in pertinent part, as follows:

In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superinten-

---

[5] Section 1131 of the Code, 24 P.S. §11-1131.

dent of Public Instruction at Harrisburg. Such appeal shall be filed within thirty (30) days after receipt by registered mail of the written notice of the decision of the board. (Footnote omitted.)

The District's argument that Section 1125.1(f) requires all appeals to be taken to the court of common pleas at first glance seems persuasive, but this would place a litigant such as Condron in an unfair, precarious position, and subject to an attack predicated upon jurisdiction whether he appeals in a court of common pleas or to the Secretary.

At the inception of these proceedings, Condron received notice from the School District that his hearing would be in accordance with Section 1151 of the Code. He, of course, contended that the proceedings should be in accordance with Section 1125.1 of the Code. If he, on appeal, would have filed in the court of common pleas, the School District could have argued that jurisdiction was improper because the origin of the controversy was under Section 1151 of the Code and Section 1131 requires appeals in such cases to be brought to the Secretary. Either way, therefore, he was subject to a jurisdictional attack.

In *Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981), a case with a procedural posture analagous to this, we held that Section 1125.1(c) hearings are appealable pursuant to the provisions of the Local Agency Law to the court of common pleas. *Shestack* assumes, however, that a Section 1125.1 hearing would occur *before* any appeal ensued. A court of common pleas, therefore, would be reviewing a suspension claim pursuant to Section 1125.1(f) *after* evidence had been presented on the issue in the proceedings below. *Shestack,* therefore, is clearly distinguishable.

The origin of these proceedings was pursuant to a Section 1151 hearing. The Secretary, therefore, was reviewing proceedings regarding issues that arose from a demotion under Section 1151. We must hold, therefore, that the Secretary had jurisdiction to hear this appeal consistent with the mandate of Section 1131 of the Code. We must also hold that the Secretary acted properly in remanding the matter to the Board for. hearing pursuant to Section 1125, after which, if appeal is necessary, it will be to the court of common pleas.

We will, therefore, affirm the order of the Secretary.

ORDER

AND Now, this 22nd day of December, 1983, the order of the Secretary of Education in the above-captioned matter is hereby affirmed.