In Re: Appeal of Bernard E. Cowden etc. Moon Area School District, Appellant.

Argued March 14, 1984, before Judges ROGERS, COLINS and Senior Judge BARBIERI, sitting as a panel of three.

*Robert T. Crothers*, with him, *Mary Drake Korsmeyer, Peacock, Keller, Yohe, Day & Ecker*, for appellant.

*Michael A. Della Vecchia*, with him, *G. N. Evashavik, Evashavik, Capone & Della Vecchia*, for appellee.

OPINION BY JUDGE BARBIERI, May 24, 1984:

This is an appeal from an order of the Court of Common Pleas of Allegheny County (1) denying a motion to quash filed by the Moon Area School District (District) and (2) sustaining the appeal of Bernard E. Cowden (Appellee) from an order of the Board of School Directors of the Moon Area School District (Board) which had affirmed his reassignment from the position of elementary school principal to the position of elementary school teacher. We affirm.

On April 12, 1982 the Board decided by resolution to close one of the District's six elementary schools because of "fiscal restraints and declining enrollment." As a result of this decision, one of the District's six elementary school principals had to be reassigned to teaching duties. In deciding which principal was to be reassigned, the District utilized the results of a professional evaluation rating made in May of 1982, and since Appellee's score in this performance rating was the lowest of all the District's principals, he was reassigned. Appellee then requested, and received, a hearing before the Board on this personnel action. At this hearing Appellee maintained that the District's selection of an elementary school principal for reassignment constituted a "realignment" of professional staff which, under the mandate of Section 1125.1(c) of the Public School Code of 1949 (Code),[1] had to be made strictly on the basis of seniority. The Board subsequently decided, however, (1) that Appellee's reassignment constituted a "demotion" within the intendment of Section 1151 of the Code, 24 P.S. §11-1151, and not "realignment"

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, added by Section 3 of the Act of November 20, 1979, P.L. 465, 24 P.S.§11-1125.1(c).

of professional staff within the intendment of Section 1125.1(c) of the Code, and (2) that since Appellee had failed to show that his demotion was arbitrary, discriminatory, or based on improper motives, *see Nagy v. Belle Vernon Area School District,* 49 Pa. Commonwealth Ct. 452, 412 A.2d 172 (1980), that the District's reassignment was proper.

Appellee subsequently appealed this decision to the court of common pleas and, in response, the District filed a motion to quash. In this motion the District alleged that the court lacked jurisdiction over the appeal since Section 1131 of the Code, 24 P.S. §11-1131, provides, *inter alia,* that all appeals from school board decisions involving demotions must initially be taken to the Secretary of Education. The court, citing this Court's decision in *Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981), however, denied this motion concluding (1) that the District's personnel action had been a realignment of professional staff within the intendment of Section 1125.1(c) of the Code, (2) that appeals from school board decisions concerning realignment are governed by the provisions of Section 752 of the Local Agency Law, 2 Pa. C. S. §752, and not by the provisions of Section 1131 of the Code, and (3) that the common pleas court therefore had jurisdiction over the matter. The court then sustained Appellee's appeal and remanded the matter back to the Board for a realignment of professional staff in accordance with the directives of Section 1125.1(c) of the Code. The present appeal followed.

Before this Court, the District maintains that the common pleas court improperly characterized the District's personnel action as a realignment, governed by the provisions of Section 1125.1(c) of the Code, since

the District did not actually suspend any employees when it closed the elementary school. We disagree.

Section 1125.1 of the Code reads in pertinent part as follows:

> (a)   Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment. . . .
>
> (b)   Where there is or has been a consolidation of schools, departments or programs, all professional employes shall retain the seniority rights they had prior to the reorganization or consolidation.
>
> (c)   A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certified and which are being filled by less senior employes.

In *Shestack,* this Court specifically rejected the argument that the provisions of subsection (c) of Section 1125.1 of the Code are only applicable to suspended employees stating there that

> the language of Section 1125.1(c) is clear and unambiguous and is not, by its terms, limited in application to suspended employees. We may not when the words of a statute are clear and free from ambiguity, disregard the letter of the statute under the pretext of pursuing its spirit. 1 Pa. C. S. §1921(b). The fact that other subdivisions within the same section are expressly limited in a way the subdivision here construed is not limited is no indication that the legislature intended to here apply a similar limitation and, indeed, more probably indicates the contrary.

*Id.* at 208, 437 A.2d at 1061.

The obvious intention of Section 1125.1(c) is to require school districts to assign positions to their professional staff strictly on the basis of seniority, and to similarly realign their professional staff on the basis of seniority when personnel changes have to be made. There is no restriction in Section 1125.1(c) limiting the duty to realign only to those instances when personnel changes have to be made because of suspensions, and we see no reason for reading such a limitation into the clear and unambiguous language of subsection (c) of Section 1125.1 of the Code. We further note that the personnel action at issue in *Shestack* was not *caused* by the suspension of school district employees, but only happened contemporaneously with the suspension of certain employees. We therefore must reject the District's contention that it had no duty to realign its professional staff on the basis of seniority since the personnel changes involved here did not encompass the suspension of any District employees.

ORDER

Now, May 24, 1984, the order of the Court of Common Pleas of Allegheny County at No. SA 744 of 1982, dated January 19, 1983, is affirmed.