Kenneth F. Olson, Appellant *v.* Board of School Directors Methacton School District, Appellee.

Argued April 2, 1984, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and COLINS, sitting as a panel of three.

*John F. Walsh, Philip R. Detwiler & Association,* for appellant.

*Charles Potash, Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE COLINS, July 24, 1984:

Kenneth Olson (appellant) appeals from the order of the Court of Common Pleas of Montgomery County, Davenport, J., granting Methacton School Board's (Board) motion for judgment on the pleadings.

Appellant was employed as an Industrial Arts teacher in Methacton Junior High School from 1969 through 1982. During the summer of 1982 the Board approved the realignment of its professional personnel. As a result, appellant was assigned to teach Industrial Arts at Methacton Senior High School for the 1982-1983 school year.

A complaint in mandamus was filed by appellant to compel a hearing by the Board. In the complaint, appellant alleged that the reassignment had a direct and substantial impact upon his personal and property rights. He also alleged that the Board's realign-

ment of its personnel was done in contravention of Section 1125.1(c) of the Public School Code of 1949,[1] which provides: "A school entity shall realign its professional staff as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees."

The Board filed an answer and a motion for judgment on the pleadings claiming that appellant was not entitled to a hearing, had no personal or property right to a particular assignment and that Section 1125.1 of the School Code had no applicability to the facts of this case. The court of common pleas granted the motion.

We affirm.

Appellant is claiming that he was deprived of a personal right when the Board realigned the district. However, a professional employee does not acquire a vested right to teach in any certain class or in any certain school and the only limitation on the Board's general power to assign a professional employee is that the work to which he is assigned be of a rank or class equivalent to that by which his permanent status was acquired and one for which he is qualified. *Smith v. School District of the Township of Darby,* 388 Pa. 301, 306, 130 A.2d 661, 665 (1957). *See also, Board of School Directors of Abington School District v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 68, 305 A.2d 382, 385 (1973). In addition, the Board has a right to make reasonable rules and regulations, reassign teachers and take other steps necessary for proper administration of the school system. *Smith,* 338 Pa. at 313, 130 A.2d at 668. In the matter sub judice, the appellant was certificated for the position of Industrial Arts

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1125.-1(c) added by Section 3 of the Act of November 20, 1979, P.L. 465.

teacher. Prior to the realignment, he was working as an Industrial Arts teacher in the district's junior high school. As a result of the realignment, he was reassigned as an Industrial Arts teacher in the district's high school. We feel the Board acted within its powers in effecting the realignment and, consequently, appellant's reassignment.

Appellant also claims that he should have been granted a hearing under 1125.1(c) of the Public School Code of 1949. Section 1125.1 of the Code is entitled "Persons to be suspended" and includes as one of its parts subsection (c) which addresses the question of realignment. Appellant does not claim that he was suspended or demoted. He claims that the mere decision to realign the district and reassign him entitles him to a hearing. We disagree with appellant's interpretation of Section 1125.1(c). In *Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981), this court interpreted Section 1125.1(c) of the School Code. In *Shestack* we held that Section 1125.1(c) of the Public School Code compels a school district undergoing a realignment of professional staff, and involving the *suspension* and *demotion* of employees, to realign its staff so as to ensure that more senior employees are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees (emphasis added). It is clear from this interpretation that an employee would have a right to a hearing only if he were suspended or demoted and a less senior employee filled his position.

Since appellant had not alleged that he was suspended or demoted, no cause of action had been established in appellant's complaint, and the Court of Common Pleas was correct in granting the Board's motion for judgment on the pleadings.

For the foregoing reasons, we will affirm the order of the court below.

ORDER

AND Now, July 24, 1984, the order of the Court of Common Pleas of Montgomery County, entered to No. 82-12550, dated September 10, 1982, is affirmed.