David H. Fry, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Secretary, Department of Education, Respondent.

David H. Fry, Sr., Appellant *v.* Garnet Valley School District, William A. Byrd, Jr., and Board of School Directors, Garnet Valley School District, Appellees.

Argued June 4, 1984, before Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*James F. Proud, Gibbons, Buckley, Smith, Palmer and Proud, P.C.,* for petitioner/appellant.

*Linda J. Wells,* Assistant Counsel, with her, *Michael A. Davis,* Chief Counsel, for respondent, Department of Education.

*Richard A. Mitchell, Cramp, D'Iorio, McConchie & Forbes, P.C.,* for appellees.

MEMORANDUM OPINION BY JUDGE WILLIAMS, JR., July 31, 1984:

David H. Fry, Sr., a professional employe of the Garnet Valley School District, was, in April 1982, recommended for demotion to sixth grade classroom

teacher from his position as an elementary school principal, because of a district-wide decline in student enrollment. The district's board of school directors (board) subsequently conducted proceedings under Section 1151 of the Public School Code of 1949 (Code).[1] At the hearing the district's superintendent testified, and the board found, that the district's diminishing pupil population eliminated the necessity for a full-time principal at the elementary school where Fry was employed. Consequently, the superintendent recommended Fry's demotion and replacement by the district's Director of Special Education, who would also retain his special education administrative duties.

Fry, who is certificated as an elementary and secondary school principal, testified to having greater seniority than at least one of the district's secondary school principals. Fry argued that his demotion therefore constituted an improper realignment of professional staff under Section 1125.1(c) of the Code[2] rather than an improper demotion under Section 1151. In its adjudication that board concluded, however, that Fry's demotion was (1) not a staff realignment and (2) proper under Section 1151 because not performed arbitrarily or capriciously. Fry then filed appeals with the Court of Common Pleas of Delaware County and the Secretary of Education (Secretary). The Secretary dismissed the appeal for lack of jurisdiction, and the common pleas court affirmed the board's decision. Consolidated for disposition are Fry's appeals from both orders.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1151.

[2] The seniority provision at 24 P.S. §11-1125.1(c), added by Section 3 of the Act of November 20, 1979, P.L. 465, provides:

A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

The primary question is whether a full-time principal's demotion to teacher and replacement by a part-time principal (with district-wide administrative responsibilities), which is necessitated by the district's falling student enrollment, constitutes a professional staff realignment within the intendment of Section 1125.1(c). This case is clearly guided by *Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981).

In *Shestack,* a pupil population decline caused the closing of an elementary school and the transfer of its principal to an elementary school where Shestack was employed as principal. Shestack was replaced by the transferred principal and demoted to a fifth grade teaching position. Contending that "the action with respect to his position of employment constituted a 'realignment,' " Shestack challenged his demotion as an improper realignment of professional staff under Section 1125.1(c). *Id.* at 205, 437 A.2d at 1060. The board of school directors sustained the demotion under Section 1151 as not arbitrary, capricious or based on improper motive, after rejecting the applicability of Section 1125.1(c) to demotions.

In reversing the common pleas court's order quashing Shestack's appeal for lack of jurisdiction, we held that Section 1125.1(c) mandates that professional staff realignment necessitated by declining student enrollment, which results in suspension or demotion, be structured " 'so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certified and which are being filled by less senior employes.' " *Id.* at 208, 437 A.2d at 1061.

Guided by *Shestack* and the common usage of the verb "realign," which means "to reorganize or make new grouping of,"[3] we conclude that Fry's demotion

---

[3] Webster's New Collegiate Dictionary 954 (1981).

from full-time principal to sixth grade teacher and replacement by a part-time principal (with continuing district-wide administrative duties)—because of declining student enrollment—constitutes a realignment within the meaning of Section 1125.1(c). Accordingly, the order of the common pleas court is reversed.[4] The board is required to conduct proceedings (if necessary) and issue findings of fact and conclusions of law under Section 1125.1(c) in order to determine whether Fry's demotion resulted from an improper realignment of professional staff in the district. Any board order from the Section 1125.1(c) hearing would be appealable, pursuant to the Local Agency Law,[5] to the common pleas court. *Id.* at 208, 209, 437 A.2d at 1061, 1062.

Fry also appealed from the secretary's order dismissing his appeal for lack of jurisdiction. The Secretary's action was proper given Fry's express reliance on the Local Agency Law, Section 1125.1(c) and *Shestack* in his petition of appeal. Accordingly, we affirm the Secretary's order.

### ORDER IN 2802 C.D. 1982

AND Now, this 31st day of July, 1984, the order of the Secretary of Education is affirmed.

### ORDER IN 3199 C.D. 1983

AND Now, this 31st day of July, 1984, the order of the Court of Common Pleas of Delaware County is reversed and the record is remanded for further pro-

---

[4] Although cited by the common pleas court as precedent, *Sharon City School District v. Hudson*, 34 Pa. Commonwealth Ct. 278, 383 A.2d 249 (1978) is not controlling authority. Section 1125.1(c), the operative provision here, was adopted twenty months after the *Sharon City* decision, which was rendered under Section 1151. Consequently, *Shestack*, rather than *Sharon City*, controls.

[5] 2 Pa. C. S. §§551-555, 751-754.

ceedings consistent with this opinion by the Board of School Directors of the Garnet Valley School District. trict.

Jurisdiction relinquished.