## Womer's Case.

Argued January 11, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

350

*Robert V. Maine,* with him *Frank G. Smith,* for appellant.

*John C. Arnold,* with him *D. Edward Chaplin,* for appellee.

OPINION BY MR. JUSTICE DREW, February 1, 1940:

The facts of this case are set forth in detail in the opinion of the learned Superior Court (135 Pa. Superior Ct. 433). For our purpose we need only say here that appellee, who was in the employ of the appellant School District upon the effective date of the Teachers' Tenure Act of April 6, 1937, P. L. 213, on May 6, 1937, received a contract, which, save for one immaterial exception, was in the statutory form and to "continue in force year after year," wherein she agreed to ". . . teach in the said school district for a term of NINE months for an annual compensation of $1170.00 . . ."

On July 26, 1938, appellee was notified that she had been dismissed. As a result of a hearing held thereafter, the Board assigned as the reasons for its action that her provisional college certificate had expired and that she did not have a librarian certificate for the next school year. The School District now concedes that there was no merit in the first ground, and that her provisional college certificate had not expired. The evi-

dence shows conclusively that there was no just basis for the second ground, since she was never actually engaged in the specialized work of a teacher-librarian.

At the time appellee first entered the District's employ, she held a college provisional certificate, qualifying her to teach certain High School subjects. Her application for the position distinctly showed that she had no certificate to be a teacher-librarian. Despite the knowledge that she was not so qualified, the Directors of the School District on May 19, 1936, unanimously adopted a resolution electing her "to the position of Teacher-Librarian in the High School at a salary of $130.00 per school month." The following day, the Board entered into a written contract with appellee, employing her as a "Teacher" for the school year 1936-37, and continued her employment for the subsequent year by the contract of May 6, 1937.

Under the terms of her contract, appellee was not required to possess a certificate as teacher-librarian, nor was it essential to the performance of the duties actually designated for her by the Board. During her two years of service, she was assigned to teach Civics for twelve hours, to act in the library for twelve hours, and to supervise study hall for four hours, Health for one hour, and Activities for one hour. She acted principally as a teacher, and her duties in the library were more in the nature of incidental work, which did not require other than her provisional college certificate. Nevertheless, three months after it hired appellee, the Board applied to the Department of Public Instruction for an emergency certificate for her "to teach Librarian." By indorsement of the State Superintendent of Public Instruction, this certificate was renewed from time to time at the instigation of the School Board and extended for two years until August 1, 1938. The emergency certificate could be issued or renewed only upon the application of the School District. The School District refused to apply for it for another year and gave ap-

pellee no warning that it would insist upon the holding of such a certificate.

Appellee's failure to hold a teacher-librarian certificate for the school year 1938-39 was no valid reason for her dismissal. She never occupied the position of librarian. She was never asked to teach library science. Her provisional college certificate, upon the basis of which she was hired, fully qualified her to perform all the duties to which she was assigned, and her competency and efficiency as a teacher have never been questioned. The condition upon which the Board based its action in terminating her contract was one of which the members were fully aware when she was employed.

Appellee's appointment was not of a temporary nature and no emergency existed at the time. If the Board desired at the outset to give her merely a provisional position, to meet a temporary emergency, it would have said so in its resolution and contract: *Com. ex rel. v. Sunbury School District*, 335 Pa. 6. Instead, it gave her a permanent employment, and she is now fully entitled to the protection afforded by the Tenure Act.

In so deciding, we do not interfere with the School Board's discretion in the assignment of its teachers, nor are we commanding the Board to apply for an emergency teacher-librarian certificate for appellee. The Board still possesses its full statutory right to assign her to any duties for which she is qualified: *Ganaposki's Case*, 332 Pa. 550.

Judgment affirmed.