## Houtz Appeal.

Argued March 22, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John A. Metz, Jr.*, with him *Metz & Metz*, for appellant.

*William H. Eckert*, with him *John G. Buchanan, Jr., Philip R. McLaughlin* and *Smith, Buchanan & Ingersoll*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 11, 1949:

This is an appeal from an order of the Court of Common Pleas of Allegheny County reversing an order of the Superintendent of Public Instruction which directed reinstatement of Harry E. Houtz, appellant, to the position of principal of schools of the School District of the Borough of Coraopolis.

The School District of the Borough of Coraopolis is a third-class district having no district superintendent. At a meeting of the board of school directors, on May 29, 1946, the resignation of A. G. Clark, then supervising principal of the district, was accepted, and on the same date appellant, a professional employe of the district since September, 1929, was assigned to duty as "principal of schools", effective July 1, 1946. A written contract was thereupon entered into between appellant and the board in the form designated by the Teachers' Tenure Act, Act of 1937, P. L. 213, as amended, 24 PS 1121 et

seq., employing appellant to "teach in the said school district" for a term of twelve months, effective July 1, 1946, at an annual salary of $4500, "under authority of the said board and its successors and subject to the supervision and authority of the properly authorized superintendent of schools or supervising principal."

Following a recommendation of the county superintendent of schools, the school board, on June 11, 1947, duly adopted a resolution stating its intention to fill the vacancy in the position of supervising principal, and at the same meeting adopted a second resolution abolishing the office of principal of schools and suspending appellant from employment "as of July 1, 1947, and until such time as the office of Principal of Schools may be recreated." A report of this action, submitted to the Superintendent of Public Instruction, was returned, marked "Approved", with a covering letter stating: "I am returning to you herewith, properly endorsed, approval of the plan of reorganization of the educational program in the Coraopolis Borough School District, Allegheny County." At that time appellant had not qualified for a certificate of eligibility and was therefore ineligible for appointment to the position of supervising principal.[1]

On July 9, 1947, the school board elected Dr. Guy N. Harringer to fill the vacancy in the position of supervising principal, and a contract was duly executed employing him "to perform the duties of supervising principal, in the said school district," at an annual salary

[1] Section 1214 of the School Code, as last amended by the Act of 1947, P. L. 700, 24 PS 1201, provides: "The board of school directors of any school district of the third or fourth class which has no district superintendent may employ a supervising principal of the public schools of the said school district, under and subject to the provisions of section one thousand two hundred five of this act. Every supervising principal shall be properly certified by the Department of Public Instruction in accordance with such standards as the State Council of Education may establish."

of $5,500. On the same date, following official notice of his suspension, appellant instituted a mandamus action in the court below to compel his reinstatement. After hearing, an order was entered directing the board to reinstate appellant "as a professional employe and to pay him his monthly salary at the rate of $4500.00 per year." On appeal by the school board to this Court, the order was affirmed: *Houtz v. Coraopolis School District*, 357 Pa. 621, 55 A. 2d 375.

On November 19, 1947, nine days after the filing of the opinion of this Court, the school district adopted a resolution reinstating appellant as a professional employe, without any reduction in salary, and assigning him to duties as principal of the three elementary schools of the district. Contending that this assignment constituted a demotion in type of position, appellant demanded a hearing in accordance with section 3 of the Teachers' Tenure Act, supra.[2] A hearing was duly held and the board made a finding that appellant's assignment to duty as principal of the three elementary schools did not constitute a demotion. Thereupon he appealed to the Superintendent of Public Instruction who reversed the board and directed that appellant be reinstated "to the position of 'Principal of Schools', with the same powers, privileges and responsibilities as he held in that office when he was wrongfully removed therefrom on July 1, 1947." On appeal by the board to the common pleas, an order was entered reversing and setting aside the order of the Superintendent of Public Instruction, and this appeal was taken.

---

[2] Section 3 provides: "There shall be no demotion of any professional employe, either in salary or in type of position, without the consent of the said employe, or if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors (or board of public education), and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe."

Appellant contends that as a result of our prior decision he "enjoyed a status as a Professional Employe of the School District unaffected by the School Board's action of June 11, 1947." Such is not the effect of that decision. All that was decided was that performance by appellant of the administrative and supervisory duties assigned to him by the board, to the exclusion of classroom teaching, did not constitute an abandonment of his tenure contract "to teach", and that abolition by the board of the position of principal of schools did not result in termination of such contract under the circumstances. In this connection, appellant concedes that the order of the Superintendent of Public Instruction, insofar as it ordered appellant's reinstatement to the position of principal of schools, "goes beyond the statutory authority thus vested in the Superintendent and was both unnecessary and improper." It is urged, however, that while the board is vested with full power and authority to administer the school affairs of the district and, in so doing, to assign professional employes to any duties for which they may be qualified (*Ganaposki's Case*, 332 Pa. 550, 2 A. 2d 742; *Ehret v. Kulpmont Borough School District*, 333 Pa. 518, 5 A. 2d 188; *Womer's Case*, 337 Pa. 349, 11 A. 2d 146), such authority is subject to the limitation that the board may not demote the employe in type of position, without his consent, under the language of section 3 of the Teachers' Tenure Act, supra, and that assignment of appellant to duties as principal of the three elementary schools constituted such demotion.

We are of one mind that no demotion in type of position is involved within the meaning and intendment of the statute. Appellant's contract with the board, on which his rights are dependent (*Pittsburgh School District Appeal*, 356 Pa. 282, 286, 52 A. 2d 17), specifically provides that his employment is "subject to the supervision and authority of the properly authorized superintendent of schools or supervising principal." Since

abolition of the position of principal of schools, the only supervisory positions in the district, other than that of supervising principal, are principal of the three elementary schools, principal of the senior high school, principal of the junior high school, combination principal-teacher of two of the elementary schools, and combination principal-teacher of a third elementary school. The position of principal of the three elementary schools is the second highest ranking position in the district, and the highest position, in point of rank, to which appellant could be entitled under his contract. With abolishment of the position of principal of schools, appellant's assignment to duties as principal of the three elementary schools did not operate to change his relative grade or rank in the school system, and this being so, there has been no "demotion" in the sense prohibited by the statute. See *Smith v. Philadelphia School District*, 334 Pa. 197, 205, 5 A. 2d 535.

In *Com. ex rel. v. Sunbury School District*, 335 Pa. 6, 6 A. 2d 279, this Court said (p. 12): "If a school board cannot hire a substitute teacher on probation except by incurring the obligation of permanent tenure, it would mean that when a teacher died the school board would be forced to leave the pupils without a teacher until a regular one could be found and hired, because any substitute sent in for a day or a week would become a regular teacher and entitled to a permanent contract. Such a result would be absurd, because no sensible school management could prosper under it." Similarly, to say in the present case that there can not be taken away from appellant any of the powers exercised by him while the position of supervising principal was vacant, would result in the situation that in the event of a vacancy in the position of supervising principal no person could be temporarily appointed to perform the duties of such position until a duly qualified party could be found and elected. We can find in the statute no such legis-

lative intent. As this Court has already said, it was not the intention of the legislature "to confer any special privileges or immunities upon professional employes to retain permanently their positions and pay regardless of a place to work" or "to have the Tenure Act interfere with the control of school policy": *Ehret v. Kulpmont Borough School District,* supra, 524. "The Act does not permit an interpretation which would result in permanent tenure being secured at the sacrifice of sensible school administration": *Com. ex rel. v. Sunbury School District,* supra, p. 12.

Order affirmed. Costs to be paid by appellant.