644 A.2d 211

**COLONIAL EDUCATION ASSOCIATION and John Walls**

v.

**COLONIAL SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 13, 1994.

Petition for Allowance of Appeal Denied Nov. 17, 1994.

2

Francis P. O'Hara, for appellant.

A. Martin Herring, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Colonial School District (District) appeals from an order of the Montgomery County Court of Common Pleas (trial court), which sustained John Walls' petition for review of the decision of the Colonial School Board (Board) to assign an active teacher with less seniority to a vacant position rather than recalling Walls, a suspended teacher. We affirm the trial court's order.

In June of 1984, due to declining enrollment, the Department suspended Walls, a certificated health and physical education teacher for the District since 1971. In June of 1991, a health and physical education teacher for the District retired. Subsequently, the District assigned Lee Andrews, who was then employed by the District as a special education teacher, to the retiree's position.[1] Although Andrews held less seniority than Walls, the District did not consider Walls for the position because Walls was a *suspended* professional employee. The District gave deference to Andrews' active status as a teacher and claimed that its assignment of Andrews to the health and physical education position met the best educational needs of the District. The District hired a new special education teacher to fill the vacancy that arose from Andrews' assignment.

Walls requested and was granted a hearing before the Board. Following that hearing, the Board concluded that the

1. Andrews possesses a dual certification in special education and health and physical education.

District was not obligated to recall Walls. Walls then appealed to the trial court, which sustained Walls' appeal and ordered the Board "to reinstate [Walls] to the position of health and physical education teacher with back pay, and all other financial emoluments, effective the beginning of the 1991–1992 school year, less monies earned by him during that period." The District appeals to this court.[2]

The District lists seven "legal questions on appeal";[3] however, we consolidate them into one determinative issue:

2. Our scope of review is limited by section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). We are required to affirm the action of the Board unless we find a violation of Wall's constitutional rights, an error of law or manifest abuse of discretion by the Board, or that any necessary finding of fact made by the Board is not supported by substantial evidence. See Gabriel v. Trinity Area School Dist., 22 Pa.Commonwealth Ct. 620, 350 A.2d 203 (1976).

3. Although the District listed seven questions in its "Statement of Legal Questions on Appeal," it presented only one issue in the argument section of its brief; i.e., "[t]here was no reasonable basis for the Court's finding that the Appellant School Board's Adjudication was not in accordance with the law." The District's seven legal questions presented in its "Statement of Legal Questions on Appeal" include:

(1) Does a school district have the right to assign active members of its active tenured professional staff as it determines is in the best educational interest of the district if such assignments will not result in the suspension of a teacher?
(2) When determining the assignments of active members of the tenured professional staff, and there are no suspensions of active staff to occur, must a school district give consideration to the seniority rights of former employees who have been suspended?
(3) Under section 1125.1(d)(2) of the Code, does a former teacher who has been suspended have any rights to recall other than to fill a position for which the teacher is certificated and which the school district has determined is vacant and is to be filled?
(4) Are not subsections (a), (b), and (c) of section 1125.1 of the Code applicable only if the assignment of teachers by the school district will result in the suspension of an active member of the tenured professional staff?
(5) Did the trial court err in concluding that section 1125.1(d)(2) of the Code prevents school districts from reassigning or transferring teachers, so long as there is a suspended or demoted professional employee available who is properly certificated to fill the position into which the school district wishes to make a transfer?
(6) Did the trial court err in determining that Walls had the same rights to a position as a suspended employee that he would have had as a member of the active tenured staff?

whether, under section 1125.1(d)(2) of the Public School Code of 1949, a District can foreclose the recall rights of a suspended tenured teacher, who is properly certificated to fill a vacancy, by assigning a presently employed tenured teacher with less seniority to that vacancy.[4]

■ The District argues that under the provisions of the Code, there is a difference in status between active professional employees and professional employees who have been suspended. With regard to the active professional employees, the District contends that it has the right to assign teachers as it believes is in the best educational interest of the District. Moreover, the District asserts that it must consider the issue of seniority only if an assignment will result in the suspension of an *active* teacher. The District maintains that section 1125.1(a), (b), and (c) of the Code [5] is intended to protect active

(7) Did the trial court err in sustaining the Petition for Review of the Board?

4.  Section 1125.1(d)(2) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1125.1(d)(2), provides:

§ 11–1125.1.  **Persons to be suspended**

(d)(2) Suspended professional employes or professional employes demoted for the reasons set forth in section 1124 shall be reinstated on the basis of their seniority within the school entity. No new appointment shall be made while there is such a suspended or demoted professional employe available who is properly certificated to fill such vacancy. For the purpose of this subsection, positions from which professional employes are on approved leaves of absence shall also be considered temporary vacancies.

5.  Section 1125.1(a), (b), and (c) of the Code states:

(a) Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment. Approved leaves of absence shall not constitute a break in service for purposes of computing seniority for suspension purposes. Seniority shall continue to accrue during suspension and all approved leaves of absence.

(b) Where there is or has been a consolidation of schools, departments or programs, all professional employes shall retain the seniority rights they had prior to the reorganization or consolidation.

(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

employees from suspensions and does not raise suspended teachers to that same level. Furthermore, the District claims that section 1125.1(d)(2) of the Code protects suspended employees only when a vacancy arises, not when assignments or transfers of active teachers occur.[6]

Walls maintains that the District deprived him of his right to be recalled as a teacher by assigning Andrews, an active teacher with less seniority than Walls, to the health and physical education position.[7] Additionally, he asserts that the legislative purpose of section 1125.1(d)(2) of the Code would be defeated if a District was allowed to assign its active teaching staff to fill vacant positions prior to offering the position to a properly certificated suspended employee with more seniority. Walls contends that if we adopt the District's position, then professional employees, once suspended, will be denied the opportunity to resume the employment held prior to their suspension as long as any qualified active teachers are available. We agree.

Section 1101(1) of the Code, 24 P.S. § 11–1101(1), defines professional employees to include those individuals who are certificated as teachers; it makes no distinction between active teachers and those who have been suspended. In fact, we have been unable to find decisions of this court that have categorized or treated suspended teachers and active teachers differently.

The District maintains that section 1125.1 of the Code was intended to avoid the adverse effects of employment changes on active members of the tenured professional teaching staff, not to raise suspended employees to the same status as

6. The District asserts that a "vacancy" in the Health and Physical Education Department did not exist for the purpose of section 1125.1(d)(2) of the Code. The District maintains that a "vacancy" does not occur until the District completes discretionary transfers and assignments of active professional employees. We disagree. Clearly, a "vacancy" existed upon the retirement of the former physical education teacher, and the District should have considered that "vacancy" under the standards propagated by section 1125.1(d)(2) of the Code.

7. Walls was the most senior suspended health and physical education teacher and was next to be recalled to any vacant health and physical education position.

members of the active professional staff. We disagree with this interpretation. Section 1125.1 of the Code creates the procedure a District must follow when suspending and recalling its professional employees. It protects professional employees with more seniority from being suspended and continuing in a suspended status; however, it does not distinguish between active and suspended teachers or value the seniority of a suspended professional employee less than that of an active professional employee.[8]

Section 1125.1(d)(2) of the Code states that a District shall reinstate its suspended professional employees on the basis of seniority and that the District shall not make new appointments when a suspended professional employee with appropriate seniority and proper certification is available to fill a vacancy.

The District argues that section 1125.1(d)(2)'s reference to "appointment" does not include a "reassignment" or "transfer." However, the term "appointment" refers to every appointment that the Board is empowered to make, and "the

**8.** The District defends it position primarily on the rulings of two Pennsylvania Supreme Court cases: *Gibbons v. New Castle Area School Dist.*, 518 Pa. 443, 543 A.2d 1087 (1988), and *Womer's Case*, 337 Pa. 349, 11 A.2d 146 (1940).

In *Womer's Case*, our Supreme Court held that although a teacher is afforded the protection of the then newly enacted Teacher's Tenure Act, a Board still possesses a full statutory right to assign a teacher to any duties for which the teacher is qualified. However, since the time that *Womer's Case* was decided in 1940, the General Assembly enacted section 1125.1 of the Code, which limits a Board's discretion in the assignment of its professional employees. Therefore, the rule enunciated in *Womer's Case* has been misapplied by the District here.

Additionally, the District has misinterpreted the holding in *Gibbons*. In *Gibbons*, the Supreme Court held that section 1125.1 of the Code does not direct a District to *promote* its professional employees based on seniority when realignment occurs. The Court stated that "Section 1125.1 operates to allocate only the *adverse* effects of employment changes in order of seniority.... It is beyond the purpose of that section, however, to require a professional to be promoted or advanced in status." *Id.* at 450, 543 A.2d at 1090 (emphasis in original). Therefore, because promotion is not an issue in this case, the District's reliance on *Gibbons* is misplaced. Moreover, to the extent that *Gibbons* reaffirms that section 1125.1 of the Code requires that seniority be the foremost consideration in filling a section 1124 vacancy, *Gibbons* supports the trial court's order.

exact scope of the term in a given case will depend on the facts of that case." *See Walker v. Scranton School Dist.,* 338 Pa. 104, 109, 12 A.2d 46, 48 (1940). To appoint is defined as "to assign, designate, or set apart by authority." Webster's Third New International Dictionary 105 (1986).[9] Thus, contrary to the District's position, a new "appointment" includes a new "assignment."

Therefore, when a vacancy occurs, the District must fill that vacancy based on seniority, recalling a properly certificated suspended employee with seniority prior to assigning an active teacher with less seniority to fill that vacancy. In other words, regardless of a professional employee's active or suspended status, a District must provide a more-senior, properly certificated professional employee the opportunity to fill a vacant position prior to assigning a less-senior teacher to that position. *Cf. Dallap v. Sharon City School Dist.,* 524 Pa. 260, 571 A.2d 368 (1990) (holding that where circumstances admit of more than one possible realignment, the District may consider the impact of each on the educational program to determine which is most sound, so long as within the chosen plan more-senior employees are provided with the opportunity to fill positions for which they are certificated and which are being filled by less-senior employees).

We have previously held that, "[w]hen reducing teaching staffs, the school district is required, whenever possible to retain its most senior teacher, by reasonable realignment if necessary." *Proch v. New Castle Area School Dist.,* 60 Pa.Commonwealth Ct. 111, 112, 430 A.2d 1034, 1035 (1981). This premise holds true for suspended teachers and their reinstatement. That is, a district is required to reinstate its most senior teachers when a vacancy occurs prior to unnecessary assignments.

█ Clearly, in this case, a vacancy occurred in the health and physical education department and there was a certificated suspended professional employee available to fill that va-

---

9. Where a term lacks a statutorily defined or technical meaning, we will construe the term according to its common and approved usage. 1 Pa.C.S. § 1903.

cancy. The District committed an error of law in assigning Andrews, a teacher with less seniority than Walls, to that position instead of recalling Walls.

Accordingly, we affirm the trial court's decision.

## ORDER

AND NOW, this 13th day of June, 1994, the order of the Court of Common Pleas of Montgomery County, dated January 25, 1993, is affirmed.