Janet FONTAINE, Patricia Broderick and Ellen Myers

v.

**WISSAHICKON SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1994.

Decided May 8, 1995.

Reargument Denied June 19, 1995.

John F. Gaffney, for appellant.

Charles L. Herring, for appellees.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Wissahickon School District (District) appeals the December 9, 1993 order of the Court of Common Pleas of Montgomery County (trial court) which (1) sustained the appeal of Patricia Broderick from the adjudication of the Board of Directors of the Wissahickon School District (Board) dated October 12, 1992; (2) dismissed the appeals of Janet Fontaine and Ellen Myers; and (3) ordered the Board to reinstate Broderick to the position of full-time school psychologist with back pay and all other financial emoluments, effective with the beginning of the 1991–92 school year, less any monies earned by her during the school years since that time. We affirm.

Janet Fontaine, Patricia Broderick and Ellen Myers were tenured professional employees.[1] Fontaine was hired for the 1985–86 school year as a part-time foreign language instructor. Broderick was hired on October 21, 1986 as a 0.6 part-time certified school psychologist. Myers was hired on September 1, 1989 as a 0.4 part-time certified school psychologist.

Fontaine was suspended from her position at the end of the 1986 school year due to declining enrollment. In 1989, there were two Spanish teaching vacancies available, one a permanent full-time position and the other a long-term substitute position. Fontaine was appointed to the long-term substitute position. At the end of the 1991 school year, her appointment ended and Fontaine was suspended once again.

Broderick and Myers were suspended at the conclusion of the 1991 school year due to curtailments and alterations in the school program.[2] Following their suspensions, the District created a new full-time school psychologist position which was not offered to either one of them. Instead, the District hired a new employee for the position. At the same time, another school psychologist requested a sabbatical leave for the 1992–93 school year, thereby creating a temporary vacancy. Neither Broderick nor Myers was recalled for that position.

Fontaine, Broderick and Myers requested a hearing pursuant to Local Agency Law, 2 Pa.C.S. § 553,[3] regarding the District's failure to recall them for available positions. A hearing was conducted by a hearing officer on June 25, 1992, and a final adjudication was issued by the Board on October 12, 1992.

In accordance with the recommendation of the hearing officer and based upon the evidence presented at the hearing, the Board concluded that Fontaine, Broderick and Myers did not have recall rights to the positions from which they had been suspended. The Board stated that there were no positions available which were the same or similar to the positions held by Fontaine, Broderick and Myers at the time of their suspensions. Accordingly, the suspensions were appropriate. The Board noted that it was within the Board's prerogative not to split a full-time teaching position into two or more components merely to satisfy suspended employees. The Board concluded that a suspended part-time teacher could not be recalled to a full-time position because such action would be a promotion and would not be a reinstatement to the same or similar position. Fontaine, Broderick and Myers filed a petition for review of the local agency adjudication with the trial court.

1. The hearing examiner found that Broderick was "a part-time, temporary, professional employee" although it was determined by stipulation before the hearing began on June 25, 1992, that all three women were tenured professional employees. Accordingly, for purposes of this case, the trial court stated that all three women were part-time tenured professional employees.

2. Fontaine, Broderick and Myers were all suspended by the District in accordance with the Public School Code of 1949 (Law), Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11–

1124. The parties agreed that there were no unresolved questions as to the propriety and legality of the suspensions because they were in accordance with the provisions of the law. Reproduced Record (R.) at 18a, 175a.

3. Section 553 states that "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553.

The trial court affirmed the Board's decision with respect to Fontaine and Myers,[4] but reversed the Board's decision with respect to Broderick. The trial court stated that neither case law nor the Law distinguished between part-time and full-time tenured professional employees with respect to their recall rights. As such, the trial court concluded that a part-time tenured professional employee had the same right to recall as a full-time tenured professional employee, and that if the part-time employee had seniority over the full-time employee, then she got the first opportunity for the full-time position.

With respect to Fontaine, the trial court determined that Fontaine had not complied with the Law or with District policy regarding notification of availability for work.[5] As such, the trial court stated that in 1989, when she accepted the long-term substitute position, Fontaine had no right to recall for the permanent full-time Spanish teaching position.

With respect to Broderick and Myers, the trial court determined that one full-time school psychologist position had been created following the suspensions of Broderick and Myers at the end of the 1990–91 school term. The trial court noted that it was not clear from the record whether Broderick or Myers was the senior employee. Nonetheless, the trial court assumed that Broderick had seniority based upon the fact that she was hired in 1986 in a 0.6 part-time position while Myers was not hired until 1989 in a 0.4 part-time position.[6] The trial court ordered the recall of Broderick to the full-time school psychologist position as of the 1991–92 school year.

Since Broderick was recalled for the one available position, Myers could not be recalled. Moreover, the trial court stated that Myers was not entitled to replace the psychologist who was on sabbatical for the 1992–93 school year because Myers was a tenured professional employee and, as such, was not entitled to a substitute position which was a separate classification of employment.

The trial court further stated that no school case decided by this court mandated the joinder of the employee who was hired instead of Broderick as an indispensable party. The District appealed to this court.[7]

In its appeal, the District raises the following issues: (1) whether, under the provisions of the Law and the negotiated District policy, Broderick is entitled to reinstatement to a full-time position; and (2) whether the individual who would be replaced if Broderick were restored to employment in a full-time position is an indispensable party.

■ The District first argues that, pursuant to the Law and District policy, a part-time tenured professional employee does not have the right to be recalled to a full-time position because such action constitutes a promotion. We disagree.

Section 1125.1 of the Law provides in relevant part as follows:

(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the op-

4. Fontaine and Myers have not appealed the trial court's determination.

5. Section 1125.1(d)(3) of the Law states that "[t]o be considered available a suspended professional employe must annually report to the governing board in writing his current address and his intent to accept the same or similar position when offered." 24 P.S. § 11–1125.1(d)(3). Similarly, the District's policy states that "[s]uspended employes must annually report to the Director of Personnel, in writing, their current addresses, and their intent to accept the same or similar positions from which they were suspended when the same become available." R. at 106a. The trial court stated that Fontaine did not comply with these provisions following her suspension in 1986 and before 1990.

6. The trial court stated that if this assumption was a mistake, then the parties should file a stipulation setting forth facts as to seniority so that the trial court's order could be corrected. We note that no such stipulation has been filed.

7. Our scope of review is limited by section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b). We are required to affirm the action of the Board unless we find that there is a violation of constitutional rights, an error of law or manifest abuse of discretion by the Board, or that any necessary finding of fact made by the Board is not supported by substantial evidence. See Gabriel v. Trinity Area School District, 22 Pa.Commonwealth Ct. 620, 350 A.2d 203 (1976).

portunity to fill positions for which they are certificated and which are being filled by less senior employes.

. . . .

(d)(2) Suspended professional employes or professional employes demoted for the reasons set forth in section 1124 shall be reinstated on the basis of their seniority within the school entity. No new appointment shall be made while there is such a suspended or demoted professional employe available who is properly certificated to fill such vacancy.

. . . .

(e) Nothing contained in section 1125.1(a) through (d) shall be construed to supersede or preempt any provisions of a collective bargaining agreement negotiated by a school entity and an exclusive representative of the employes. . . .

24 P.S. § 11–1125.1.

■■ Section 1125.1 of the Law creates the procedure which a District must follow when suspending and recalling its professional employees. *Colonial Education Association v. Colonial School District,* 165 Pa.Commonwealth Ct. 1, 644 A.2d 211 (1994). It protects professional employees with more seniority from being suspended and continuing in a suspended status. *Id.* However, section 1125.1 of the Law does not distinguish between part-time and full-time tenured professional employees.

The provisions of the District's policy are similar to the provisions of the Law. The District's policy entitled "Seniority Process for Professional Staff Reduction In Force" was incorporated into the collective bargaining agreement between the Wissahickon Education Association and the District. R. at 10a, 11a, 105a–06a. With respect to the reinstatement of suspended employees, the policy states in pertinent part:

Suspended employes shall be reinstated on the basis of their seniority within the Wissahickon School District. No new appointment shall be made while there is a suspended professional employe available who is properly certificated to fill such vacancy.

R. at 106a.

With respect to the status of part-time employees, this court has stated that nothing in the Law supports the relegation of part-time tenured employees to a status less than that accorded to their full-time counterparts. *Phillippi v. School District of Springfield Township,* 28 Pa.Commonwealth Ct. 185, 201, 367 A.2d 1133, 1143 (1977). While school boards should, for economic or other reasons, be free to eliminate a part-time position or to consolidate one or more part-time positions into a full-time position, school boards must also respect the seniority rights of tenured employees. *Id.* at 202, 367 A.2d at 1143. As such, there is no reason why a tenured part-time teacher with seniority (computed on a pro rata basis), whose position was eliminated, should not be given the opportunity, in accordance with her seniority rights, to take a full-time position. *Id.* at 203, 367 A.2d at 1144. If such position was not desired, the employee could then be suspended, subject to reinstatement when and if another part-time position became available. *Id.* This court has also held that the argument that section 1125.1 of the Law restricts appointments only to positions previously occupied by a suspended professional employee, or positions comparable thereto, is without merit in the face of section 1125.1(d)(2)'s failure to express or imply any such limitation.[8] *The Portage Area School District v. Portage Area Education Association,* 28 Pa.Commonwealth Ct. 244, 368 A.2d 864 (1977).

In the present case, Broderick was not offered the new full-time school psychologist position after she was suspended. R. at 62a, 63a, 68a–70a. Rather, the position was filled by a new employee who had no seniority. R. at 72a. The trial court properly determined that even though Broderick had held a part-time position prior to her suspension, she still had to be given the opportunity, based

8. We note that *Portage* was decided based upon section 1125(c) of the Law which stated that "[n]o new appointment shall be made while there are suspended professional employes available, who are properly certified to fill such va-cancies." Nonetheless, when section 1125 of the Law was repealed and replaced by section 1125.1 of the Law, this language remained essentially the same. *See* 24 P.S. § 11–1125.1(d)(2).

upon her seniority, to take the full-time position. The trial court concluded that Broderick had seniority over Myers and the parties have not contested this determination. Accordingly, the trial court did not err in concluding that Broderick should have been recalled.

The District argues that since Broderick had been a part-time tenured professional employee, she could not fill the full-time school psychologist vacancy because it was not a similar position. The District relies upon *Gibbons v. New Castle Area School District*, 518 Pa. 443, 543 A.2d 1087 (1988) to support its argument. In *Gibbons*, a junior high school principal challenged his reassignment as assistant principal at the senior high school on the grounds that the senior high school principal, who was retained in that position, had less seniority. Our Supreme Court held that the broad seniority preference language of the Law could not be interpreted as requiring the promotion or advancement in status of a professional employee on the basis of seniority. *Id.*

We note that, in *Gibbons*, our Supreme Court addressed the issue of the realignment of professional staff and based its decision upon an analysis of section 1125.1(c) of the Law. The present case is different in that it focuses upon the recall rights of a professional employee who has been suspended, and it is based upon an analysis of section 1125.1(d)(2) of the Law. Moreover, as has already been stated, this court has determined that a tenured part-time professional employee should be given the opportunity, in accordance with her seniority rights, to take a full-time position. We also note that apart from the change from part-time to full-time hours, the position held by Broderick prior to her suspension and the position newly created by the District were both that of certified school psychologist.

The District next argues that the individual who would be replaced if Broderick were restored to the position of school psychologist is an indispensable party who should be joined in this action. We disagree.

A party is indispensable when he has such an interest that a final decree cannot be made without affecting him or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. *Mechanicsburg Area School District v. Kline*, 494 Pa. 476, 431 A.2d 953 (1981). An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Piper Aircraft Corporation v. Insurance Company of North America*, 53 Pa.Commonwealth Ct. 209, 417 A.2d 283 (1980).

Our Supreme Court has held that improperly appointed or promoted public employees, despite their potential interest in suits brought by colleagues disputing their appointment or promotion, are not indispensable parties to the litigation. *McGrath v. Staisey*, 433 Pa. 8, 249 A.2d 280 (1968). Moreover, this court has not required the joinder as an indispensable party of an active professional employee who was displaced when a suspended professional employee with greater seniority was recalled. *Colonial Education Association.*[9] Therefore, the individual who would be replaced when Broderick is restored to the position of school psychologist is not an indispensable party to this litigation.

Accordingly, the decision of the trial court is affirmed.

## ORDER

NOW, this 8th day of May, 1995, the order of the Court of Common Pleas of Montgom-

---

9. We are mindful of this court's acknowledgement of the broadening of due process rights as recognized by the federal courts. *Cullura v. School District of Bristol Township*, 147 Pa.Commonwealth Ct. 636, 608 A.2d 1121 (1991). Nonetheless, we conclude that the present case is controlled by *McGrath* rather than *Cullura*. *McGrath* was grounded upon the rights granted by the various state statutes involved rather than upon a general due process challenge. Similarly, the present case is based upon the rights of suspended professional employees to be reinstated pursuant to the provisions of the Law and the collective bargaining agreement between the Wissahickon Education Association and the District.

ery County, dated December 9, 1993, at No. 92–21486, is affirmed.