Nadia Engel,                    :
             Appellant    :
                    :   No. 1278 C.D. 2021
       v.             :   Argued: October 11, 2022
                    :
Ellwood City Area School District   :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                       FILED: February 8, 2023

Nadia Engel (Engel) appeals from the order of the Court of Common Pleas of Lawrence County (trial court), which affirmed the adjudication of the Board of Directors (Board) of the Ellwood City Area School District (District), which held that substantial evidence establishes that Engel was furloughed for a permissible reason and not entitled to reinstatement under the Public School Code of 1949 (Code).[1]  After careful consideration, we affirm.

## I. BACKGROUND[2]

In August 2014, Engel began working as an assistant principal at the District.  Engel holds Secondary English Teacher and Level II PK-12 Principal certifications.  Accordingly, she is qualified to serve as both assistant principal and principal of a school building.  For the 2018-2019 and 2019-2020 academic years, Engel received "proficient" ratings on her most recent performance evaluations.

During a June 29, 2020 meeting, the Board voted to restructure its administration by removing one principal.  However, the District solicitor advised

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-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.

[2] Unless stated otherwise, we adopt the factual background for this case from the Decision of the Board, which is supported by substantial evidence of record.  *See* Bd.'s Decision, 3/12/21.

the Board that it was impermissible to "restructure" the administration but that the Board could instead furlough employees based on reasons enumerated in the Code. No action was taken against Engel at this time.[3] Thereafter, in a July 9, 2020 meeting, the Board passed a resolution to suspend[4] the necessary number of employees to address a substantial decline in student enrollment under Section 1124(a) of the Code, 24 P.S. § 11-1124(a). *See* Exhibit D-9, District Resolution No. 07092020 (Resolution). Under the Resolution, the Board voted to furlough Engel, who was subsequently suspended from her position as assistant principal. Thereafter, in August 2020, a District principal retired, leaving a vacancy. Engel was not reinstated to this position.

Following a *Loudermill*[5] hearing timely requested by Engel, the Board concluded that Engel was properly furloughed under Section 1124(a)(1) of the Code. 24 P.S. § 11-1124(a)(1). In support of its decision, the Board found that the District had experienced a 7.9% decline in student enrollment, which constituted a "substantial decrease" under Section 1124(a)(1) of the Code.[6] Further, it determined that Engel was one of two assistant principals who had received "proficient"

---

[3] In a separate motion, the Board also voted to hire three elementary school teachers. In its adjudication, the Board noted the absence of evidence connecting these two decisions. *See* Bd.'s Decision at 13-17 (further noting that a recording of the meeting held on June 29, 2020, suggests that the teachers would be hired to replace other, retiring teachers).

[4] In this context, suspension is "an impermanent separation: a furlough or layoff." *Filoon v. Middle Bucks Area Vocational-Tech. Sch.*, 634 A.2d 726, 729 (Pa. Cmwlth. 1993).

[5] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

[6] The Board calculated the 7.9% decrease based on the following data:

| School Year | Total Student Enrollment |
|---|---|
| 2015-2016 | 1763 |
| 2016-2017 | 1656 |
| 2017-2018 | 1663 |
| 2018-2019 | 1641 |
| 2019-2020 | 1623 |

Bd.'s Decision, 3/12/21, at 6.

performance ratings and the least senior instructional administrator at the high school. The Board further determined that Engel was not entitled to reinstatement to a vacant principal position under Section 1125.1(d)(2) of the Code, 24 P.S. § 11-1125.1(d)(2),[7] because it would effectively result in her promotion. Engel appealed, and the trial court affirmed. Engel now petitions this Court for review.[8]

## II. ISSUES

Engel contends that the reason offered by the Board for her furlough, *i.e.*, a substantial decline in student enrollment under Section 1124(a)(1) of the Code, 24 P.S. § 11-1124(a)(1), is inaccurate and unsupported by substantial evidence. Engel's Br. at 11-21.[9] Alternatively, she asserts that she was entitled to reinstatement under Section 1125.1(d)(2) of the Code to the vacant principal position. *Id*. at 21-28. The District responds that Engel's furlough was lawful and that substantial evidence supports the Board's finding of a substantial decrease in enrollment. District's Br. at 10-25. Further, it maintains that Engel is not entitled to reinstatement into a promoted position. *Id*. at 25-31.

## III. DISCUSSION

The Code governs a school board's actions as it pertains to furlough, realignment, and reinstatement, which we explain as follows. The Code identifies five exclusive reasons to furlough a professional employee, including a substantial decline in student enrollment. 24 P.S. § 11-1124; *Kemp v. City of Pittsburgh Pub. Sch. Dist*., 933 A.2d 130, 132 (Pa. Cmwlth. 2007). The Code also establishes a

---

[7] Section 1125.1 of the Code was added by the Act of November 20, 1979, P.L.456, *as amended*, 24 P.S. § 11-1125.1.

[8] Where the trial court takes no additional evidence from the agency's developed record, "our scope of review is limited to determining whether the [] agency's adjudication violated any constitutional rights, constituted an error of law, or lacked substantial evidence in support of findings of fact necessary for the adjudication." *Medina v. Harrisburg Sch. Dist*., 273 A.3d 33, 39 n.10 (Pa. Cmwlth. 2022).

[9] We combine Engel's first three issues for ease of analysis. *See* Engel's Br. at 2.

3

hierarchy of professional employees that ensures that the most senior professional employees are furloughed last. *See generally* 24 P.S. § 11-1125.1; *see Bd. of Sch. Dirs. of Chester-Upland Sch. Dist. v. Ashby*, 495 A.2d 665, 666 (Pa. Cmwlth. 1985). For example, the Code requires a school board to "realign" professional staff to retain its most senior, qualified employees in positions presently filled by less senior employees. 24 P.S. § 11-1125.1(c.1). Once an employee has been furloughed, the Code obligates the board to "reinstate" its most senior and highest performing furloughed employees to vacant positions within their area of certification. 24 P.S. § 11-1125.1(d)(2).

## A. Furlough

Engel presents three arguments challenging her furlough. First, she contends that the Board failed to furlough her for a permissible reason under Section 1124 of the Code. Engel's Br. at 11. However, the record does not support this argument. The Board furloughed Engel due to a substantial decrease in student enrollment, which is a permissible justification under Section 1124(a) of the Code, 24 P.S. § 11-1124(a).[10] *See* Bd.'s Decision, 3/12/21, at 4-5; Notes of Testimony (N.T.) *Loudermill* Hr'g, 11/24/20, Exhibit D-9, Resolution.

Second, Engel maintains that the Board's finding of a substantial decrease in student enrollment lacks substantial evidentiary support. According to Engel, the evidence, at most, established a "mere 4.3%" enrollment decline, and the

---

[10] Engel suggests that the Board's decision to furlough her was improperly motivated by its intention to hire three new teachers. Engel's Br. at 12, 14. Yet, Engel has not placed this argument within the context of a constitutional claim. Further, her references to the Board's initial desire to restructure its administrative staff ignores the substantial evidence of record that the District solicitor properly advised that "restructuring" was not permissible. Bd.'s Decision, 3/12/21, at 4. Therefore, we decline to consider Engel's suggestion as it is outside the scope of our appellate review. *See Medina*, 273 A.3d at 39 n.10; *see generally Com. v. Vartan*, 733 A.2d 1258, 1265 (Pa. 1999) (courts do not sit in judgment on the motives of administrative officers).

Board relied on unofficial enrollment data in "a transparent attempt . . . to manipulate the numbers." Engel's Br. at 15, 19. We disagree.

Section 1124(a)(1) of the Code remains silent on *how* to calculate student enrollment, and this Court has expressly declined to recognize a "precise definition" that is "sufficient to justify a given number of job eliminations." *See generally* 24 P.S. § 11-1124(a)(1); *Wyoming Valley West Educ. Ass'n v. Wyoming Valley West Sch. Dist.*, 500 A.2d 907, 908 (Pa. Cmwlth. 1985). Instead, we have found that a board can prove a substantial enrollment decrease through (a) evidence of a "general, cumulative enrollment decline over a reasonably justifiable period of time," or (b) a decline from one year to the next, "so prominent it does not require additional statistics." *Bachak v. Lakeland Sch. Dist.*, 655 A.2d 12, 14 (Pa. Cmwlth. 1995). Consequently, there is no statutory or precedential basis to support Engel's argument that the Board used "unofficial" data. Likewise, there is no evidentiary support in the record for Engel's assertion that the District, at most, incurred a 4.3% student enrollment decline. Based on our thorough review of the record, the evidence supports the trial court's decision to affirm the Board's finding of a District enrollment decrease from 1,763 students in 2015-2016 to 1,623 students in 2019-2020, a decline of 7.9% or 140 students. Bd.'s Decision, 3/12/21, at 6; N.T. *Loudermill* Hr'g, Exhibit D-4, Enrollment History Rep.

School boards are afforded the discretion to determine whether there has been a substantial enrollment decline. *Newell v. Wilkes-Barre Area Vocational Tech. Sch.*, 670 A.2d 1190, 1192 (Pa. Cmwlth. 1996). Absent an abuse of discretion, arbitrary decision, misconception of law, or ignorance of fact, this Court will not disturb such findings on appeal. *Id.*[11] We have previously recognized a substantial

---

[11] We acknowledge that this Court has found existence of a substantial enrollment decrease in cases with greater enrollment declines than that of the present matter. *See Newell* (36.6% over ten years). However, whether another board would deem a 7.9% five-year decrease as "substantial" is irrelevant. This finding is within the sole discretion of this Board. *Id.*

5

decrease in student enrollment with comparable rates. *See Phillippi v. Sch. Dist. of Springfield Twp.*, 367 A.2d 1133, 1137-38 (Pa. Cmwlth. 1977) (recognizing a 5.7% student enrollment decrease as substantial); *Tressler v. Upper Dublin Sch. Dist.*, 373 A.2d 755, 758, 759 (Pa. Cmwlth. 1977) (holding a decline of 250 students over three years with a projected decline of 450 students to be substantial); *Smith v. Bd. of Sch. Dir.*, 328 A.2d 883, 885 (Pa. Cmwlth. 1974) (treating a 114-student enrollment decline over ten years as substantial). Accordingly, we discern no abuse of discretion with the Board's finding of a substantial decrease in student enrollment and we refrain on appeal from disturbing this decision. *Newell*, 670 A.2d at 1192.

Third, Engel maintains that the Board erred by considering her compensation in its decision to furlough her employment. Engel's Br. at 20-21. This contention is unsupported by the record. At its July 9, 2020 meeting, the Board passed a Resolution, titled in part, "suspending staff due to a substantial decline in student enrollment." Bd.'s Decision, 3/12/21, at 4; Exhibit D-9, Resolution. The Resolution stated that pursuant to Section 1124(a)(1) of the Code, 24 P.S. § 11-1124(a)(1), the Board may suspend the necessary number of professional employees following the student enrollment decline from 2015-2016 to 2019-2020. Bd.'s Decision, 3/12/21, at 4-5. Thereafter, in accordance with the Resolution, the Board subsequently furloughed Engel, effective July 30, 2020.[12] *Id.* at 5. The Resolution neither mentions Engel's salary nor suggests that she was furloughed for any non-enumerated reason under Section 1124(a) of the Code. Thus, the Board's actions to furlough Engel were justified.

---

[12] Although the Resolution referenced a 15% decline in enrollment for the Junior/High school building, the District presented evidence of the 7.9% data at the *Loudermill* hearing, sufficient to satisfy a substantial decrease in pupil enrollment within the entire District under Section 1124(a) of the Code, 24 P.S. § 11-1124(a).

## B. Reinstatement

Alternatively, Engel maintains that even if her furlough was proper, the Board erred by failing to reinstate her because she possessed proper certification for the vacant principal position. Engel's Br. at 21-25. In support of this assertion, Engel presents two arguments.

First, Engel asserts that the plain language of Section 1125.1(d)(2) of the Code obligated the Board to reinstate her to the vacant principal position. Engel's Br. at 23. We disagree.[13] "The touchstone of interpreting statutory language 'is to ascertain and effectuate the intention of the General Assembly.'" *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 188 A.3d 617, 630 (Pa. Cmwlth. 2018) (*Crown Castle I*), *aff'd*, 234 A.3d 665 (Pa. 2020) (*Crown Castle II*) (internal citation omitted). In matters of statutory interpretation, our "duty is to give effect to the legislature's intent," which is best ascertained through the statute's plain language. *Crown Castle II*, 234 A.3d at 674. Where the language is clear and unambiguous, we simply "give effect to the words of the statute and must not disregard the text to implement its objective." *Id*.

Our analysis begins with the relevant statutory language. *Crown Castle I*, 188 A.3d at 613. Section 1125.1(d)(2) of the Code defines the order in which suspended professional employees shall be reinstated. It further provides:

> Suspended professional employes or professional employes demoted for the reasons set forth in section 1124 shall be reinstated in the following order,[14] within the area of certification required by law for the vacancy being filled and within the school entity.

---

[13] Our standard of review involving issues of statutory interpretation "is *de novo*, and our scope of review is plenary and non-deferential." *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 674 (Pa. 2020) (*Crown Castle II*). Statutory interpretation "is a question of law for the court," therefore, we "do[] not defer to an administrative agency's interpretation of the plain meaning of an unambiguous statute." *Id*. at 677.

[14] This order is based on seniority and recent performance ratings. 24 P.S. § 11-1125.1(d)(2).

7

*\*\**

> No new appointment shall be made while there is **such** a suspended or demoted professional employe available who is properly certificated to fill such vacancy.

24 P.S. § 11-1125.1(d)(2) (emphasis added).

The key term "such" is not defined by the Code. Therefore, we review the statute in context and afford incorporated words and phrases their "'common and approved usage.'" *Crown Castle II,* 234 A.3d at 674. Merriam-Webster's Dictionary defines "such" as "the character, quality, or extent previously indicated or implied" or "**of the same class, type, or sort**." *See* https://www.merriam-webster.com/dictionary/such (last visited February 7, 2023). With this definition in mind, Section 1125.1(d)(2), in part, reads as follows, "[n]o new appointment shall be made while there is a suspended or demoted professional employe [of the "same class, type, or sort"] available who is properly certificated to fill such vacancy." *See* 24 P.S. 11-1125.1(d)(2). Further deconstruction of the statutory language reveals the five factors necessary to qualify a furloughed employee for reinstatement: (1) an available, vacant position exists within the tenured employee's area of certification; (2) a tenured employee has been suspended, furloughed or demoted under Section 1124 of the Code, (3) the tenured employee is of the "same class, type, or sort" as the vacancy; (4) the tenured employee is available for employment; and (5) the tenured employee possesses the necessary certification for the position. 24 P.S. § 11-1125.1(d)(2).

Here, Engel meets four out of five criteria: a vacant position opened in her area of certification; she was furloughed under Section 1124 of the Code; she presumably remains available for employment; and she possesses the requisite certification required for the vacancy principal position. However, Engel focuses on her suspension rather than *the position* from which she was suspended. In so doing, she presents no evidence that her prior assistant principal position is the "same …

8

type" of role as principal. *See* https://www.merriam-webster.com/dictionary/such (last visited February 7, 2023). Based on our interpretation of the statutory language, Section 1125.1(d)(2) facilitates reinstatement of *similarly held positions*. The record does not support that assistant principal is the "same" position as principal to trigger the reinstatement provision of subsection (d)(2). 24 P.S. § 11-1125.1(d)(2). Accordingly, a plain meaning interpretation of Section 1125.1(d)(2) does not support Engel's reinstatement to the vacant principal position.[15, 16]

Second, Engel contends that the Board was required to reinstate her regardless of whether the appointment constituted a promotion. Engel's Br. at 26-28. The precise issue of whether promotions are permissible reinstatements under Section 1125.1(d)(2) of the Code is a matter of first impression for this Court. However, we have long recognized that the tenure provisions of the Code,[17] including realignment under Section 1125.1 (formerly Section 1125 (repealed))[18]

---

[15] Our analysis is further supported by the overall statutory framework of Section 1125.1 of the Code. *See Ashby*, 495 A.2d at 667 (when reviewing the statute as a whole, where the words are unambiguous, the letter of the law "cannot be disregarded under the pretext of pursuing its spirit"). Although not at issue here, reinstatement also requires that furloughed employees express intention to "accept the same or similar position," 24 P.S. § 11-1125.1(d)(3), and Section 1168 of the Code provides that employees on sabbatical must return to the "same position." 24 P.S. 11-1168(b).

[16] In the context of Engel's plain language argument, she attempts to analogize her circumstances with a suspended teacher in *Colonial Education Association v. Colonial School District*, 644 A.2d 211 (Pa. Cmwlth. 1994) (*Colonial Education*). *See* Engel's Br. at 22-23. The comparison is not persuasive. In *Colonial Education*, a district suspended a certificated health and physical education teacher due to declining enrollment. 644 A.2d at 212. Thereafter, a similarly placed teacher retired. *Id.* Rather than reinstating the suspended teacher to fill the newly vacant position, the district reassigned a special education teacher with less seniority, giving preference to the special education teacher because of his "active" employment status. *Id.* Rejecting the district's arguments, this Court affirmed a trial court decision reinstating the suspended teacher. *Id.* at 214. However, the circumstances in *Colonial Education* are notably different than those present here. Unlike the teacher in *Colonial Education*, Engel seeks reinstatement into a role different than her former position. Thus, Engel's reliance on *Colonial Education* is misplaced.

[17] The tenure provisions include Sections 1121 through 1133 of the Code, 24 P.S. §§ 11-1121 - 11-1133. *See Ginocchi v. Burrell Sch. Dist.*, 522 A.2d 707, 709 n.8 (Pa. Cmwlth. 1987).

[18] Formerly 24 P.S. § 11–1125, *repealed* by Act of November 20, 1979, P.L. 465, § 2.

9

and subsection (c.1) (formerly subsection (c)), cannot be used as a vehicle for obtaining promotions. *Ginocchi v. Burrell Sch. Dist.*, 522 A.2d 707, 709 (Pa. Cmwlth. 1987).

When interpreting former Section 1125 of the Code, this Court held that promotions are inconsistent with the purpose of the Code's tenure sections, which is to protect employees from unjust or improper employment action. *Ginocchi*, 522 A.2d at 709; *Gibbons v. New Castle Area Sch. Dist.*, 543 A.2d 1087, 1090 (Pa. 1988) (holding that former Section 1125 of the Code "operates to allocate only the adverse effects of employment change"). It would be "incredible to suppose that the legislature intended [the tenure sections] to apply to a situation in which a professional is being 'raised in position.'" *Ginocchi,* 522 A.2d. at 710 (internal citation omitted). It is "beyond the purpose" of former Section 1125 of the Code "to require a professional employee to be promoted or advanced in status." *Gibbons*, 543 A.2d at 1090. In accordance with our long-standing precedent, Section 11-1125.1 of the Code is not a pathway for promotions. Thus, the Board did not err in finding that Engel was not entitled to reinstatement under Section 1125.1(d)(2) of the Code.[19]

## IV. CONCLUSION

The District experienced a substantial decline in student enrollment and chose to furlough Engel based on her seniority level and performance evaluations. Substantial evidence supports the Board's decision. Thus, her furlough was

---

[19] Engel also suggests "a number of ways" in which she believes the District could have met the requirements of Section 1125.1(d)(2) of the Code that did not result in her promotion. Engel's Br. at 24-25 (suggesting, *e.g.*, that the District "could have" promoted another assistant principal to the vacant principal position, then recalled Engel into the newly vacant, assistant principal position). We agree that the Code does not prohibit the Board from exercising *its discretion* to reinstate Engel. However, we decline to entertain these possibilities as Engel cites no authority *requiring* the District to shuffle its professional employees to facilitate her reinstatement.

permissible pursuant to Sections 1124(a)(1) and 1125.1(a), (a.1) of the Code. 24 P.S. §§ 11-1124(a)(1), 11-1125.1(a), (a.1). Moreover, the District was not required to reinstate Engel's employment, placing her in a newly vacant principal position, based on the plain meaning of the statutory language. Further, it is beyond the purpose of Section 1125.1(d)(2) of the Code to require the promotion of a furloughed professional employee. 24 P.S. §1125.1(d)(2). *See Gibbons*, 543 A.2d at 1090. For these reasons, we affirm the trial court's decision.

---
LORI A. DUMAS, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadia Engel,                           :
                    Appellant         :
                                       :      No. 1278 C.D. 2021
            v.                         :
                                       :
Ellwood City Area School District     :

# **O R D E R**

AND NOW, this 8th day of February, 2023, the order of the Court of Common Pleas of Lawrence County, dated October 26, 2021, is AFFIRMED.

_____
LORI A. DUMAS, Judge